863 P.2d 1047

**VALLEY IMPROVEMENT ASSOCIATION, Plaintiff–Appellee,**

**and**

**Insurance Company of North America, Plaintiff–in–Intervention–Appellee,**

**v.**

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant–Appellant.**

**No. 20315.**

Supreme Court of New Mexico.

Oct. 26, 1993.

Klecan, Childress & Huling, Mark J. Klecan, Albuquerque, for defendant-appellant.

Dines, Wilson & Gross, P.C., Alan R. Wilson and James M. Dines, Albuquerque, for plaintiff-appellee Ins. Co. of North America.

Eaves, Bardacke & Baugh, P.A., John M. Eaves and David A. Garcia, Albuquerque, for plaintiff-appellee Valley Improvement Ass'n.

Sheehan, Sheehan & Stelzner, P.A., Judith D. Schrandt, Albuquerque, for amicus curiae Atlanta Intern. Ins. Co.

Carpenter, Comeau, Maldegen, Brennan, Nixon & Templeman, Michael W. Brennan, Stephan J. Lauer and Grey W. Handy, Santa Fe, for amicus curiae Allstate Ins. Co.

Gallagher, Casados & Mann, Nathan H. Mann and M. Clea Gutterson, Albuquerque, for amicus curiae Nat. Union Fire Ins. Co.

Robert B. Collins, Albuquerque, for amicus curiae U.S. Fidelity & Guar. Co.

Atwood, Malone, Mann & Turner, P.A., Lee M. Rogers, Jr., Roswell, for amicus curiae Royal Ins. Co.

Simone, Roberts & Weiss, P.A., Stephen M. Simone, Albuquerque, for amicus curiae Bituminous Cas. Corp., and Bituminous Fire & Marine Ins. Co.

## OPINION

FROST, Justice.

In this case we consider whether a final judgment was rendered in a declaratory action brought by an insured to establish its insurer's contractual obligations of defense and indemnification. The district court ruled that the insurer was liable to the insured, but it expressly reserved jurisdiction to rule later on the amount of the damages award, including the percentage of defense and liability costs the defendant-insurer would owe in light of certain nonparty insurers' contributory liability. Because the district court awarded damages

but failed to quantify them, the district court's judgment was not final. We therefore dismiss the appeal for lack of jurisdiction.

## PROCEDURAL HISTORY

Plaintiff-appellee Valley Improvement Association, Inc. ("VIA") filed a declaratory action for damages against defendant-appellant Hartford Accident and Indemnity Company ("Hartford"). Pursuant to its Hartford insurance policies, VIA sought judgment declaring that Hartford must indemnify it for any liability resulting from *Yates Exploration, Inc. v. Valley Improvement Association, Inc.*, No. VA–86–61–CV (N.M.Dist.Ct. filed Feb. 13, 1986) (the *"Yates"* action), a lawsuit alleging various types of misconduct by VIA regarding its management and development of certain investment property in central New Mexico. VIA also sought a declaration that Hartford must pay for its defense of the *Yates* action. Insurance Company of North America, Inc. ("INA"), an insurer of VIA that voluntarily assumed its duty to defend VIA in the *Yates* action, intervened on the side of VIA.

While this declaratory action was pending, VIA and INA brought a similar lawsuit in federal district court against seven other insurance companies. *Valley Improvement Association, Inc. v. Atlanta International Insurance Co.*, No. CIV 88–0846 SC (D.N.M. filed July 19, 1988), (the "federal" action). The seven defendants in the federal action were, like Hartford, alleged to have a duty to defend and indemnify VIA for expenses of the *Yates* litigation. The federal action has been stayed pending our resolution of this appeal. The seven defendant-insurers in the federal action are not parties to the declaratory action before us against Hartford.

After trial on the merits, the district court concluded that Hartford had a duty to defend and indemnify VIA in the *Yates* action, but the court expressly left certain matters open for later resolution. The court specifically held that "Hartford is liable to indemnify VIA for all amounts paid to date by VIA to defend or settle the Yates Action," that "Hartford is obligated to contribute to the costs of defense incurred by both VIA and INA in defending the Yates Action," and that for INA's cost of defending the Yates action, "Hartford is obligated to make full and complete contribution to INA." The trial court further stated in its conclusions of law:

> 15. VIA is entitled to receive damages as a result of Hartford's breach of contract and this Court shall retain jurisdiction for the purpose of determining damages owed by Hartford to VIA.
>
> . . . .
>
> 19. The Court will hold in abeyance and retain jurisdiction of this matter Findings of damages and attorney fees until the pending Federal case between VIA and its other liability insurers is resolved in Federal Court.
>
> The Court will use the formula for contribution to be developed by the Federal Court to determine which parties are liable for what amounts, and specifically the contributions that will be made by Defendant, Hartford to Plaintiffs, VIA and INA.

The district court's Final Judgment and Order of November 1, 1991 fully incorporates these conclusions of law. The order states:

> 5. Hartford is liable to VIA for damages caused by Hartford's breach of the [Hartford insurance policy] issued to VIA, including, but not limited to, loss of income on funds advanced by VIA to pay defense costs in the Yates Action, attorney's fees and costs incurred by VIA in defense of the Yates Action and in prosecuting this case, and amounts paid to settle with Plaintiffs in the Yates Action.
>
> . . . .
>
> 8. The Court shall retain jurisdiction for the purposes of apportioning Hartford's liability for the continuing duty to defend and indemnify VIA in the Yates Action until this Court is satisfied that it can reasonably determine all damages, contribution amounts, attorneys fees and future legal expenses for which Hartford is liable to INA and VIA. Otherwise,

this Court will use the formula for contribution developed in pending final judgments in [the federal action].

This Court shall retain jurisdiction to determine the percentage of liability and damages to be assigned each party.

## DISCUSSION

In *Principal Mutual Life Insurance Co. v. Straus*, 116 N.M. 412, 863 P.2d 447 (1993), we discussed the final judgment rule, the attorney's fees exception to the final judgment rule adopted in *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 824 P.2d 1033 (1992), and the distinction between *Kelly Inn*-type attorney's fees and awards of compensatory damages that include attorney's fees from previous litigation. The concepts addressed in *Principal Mutual* are applicable and dispositive here.

When the issue of damages is before the district court, whether the action pursues coercive or declaratory relief, a judgment or order that reserves the issue of assessment of damages for future determination is not a final judgment for purposes of appeal. *Principal Mutual*, 116 N.M. at 413, 863 P.2d at 448. There is strong policy in New Mexico disfavoring piecemeal appeals, and although some judgments are appealable even though further proceedings are necessary to implement them, it is clear from our recent holding in *Principal Mutual* that quantification of damages is integral to the question of liability on the merits. Thus, if damages are awarded, they must be quantified precedent to final judgment and appeal. This rule is not applicable when the issue of damages is properly severed from a case adjudicating liability as may be done in some suits for declaratory relief.

The district court's judgment was not final because it failed to quantify damages awarded to VIA and INA on its claim for indemnification against Hartford. The district court found Hartford liable for compensatory damages assessed against VIA in the *Yates* action, the cost of defending the *Yates* action including VIA's attorney's fees for its defense of *Yates*, amounts paid by VIA to settle with some *Yates* plaintiffs, and future expenses of defending the *Yates* litigation. None of these damages were quantified, and the district court expressly retained jurisdiction to "determin[e] damages owed by Hartford to VIA," and "to determine the percentage of liability and damages to be assigned each party."

The district court apparently chose to assess damages later because the seven insurers defending the federal action could potentially share Hartford's indemnification liability to VIA and INA for the costs of the *Yates* action. If any of the seven insurers defending the federal action were found liable, Hartford's liability to VIA and INA could be affected accordingly. The district court probably reasoned that it should delay apportionment and quantification of the damage award against Hartford pending resolution of the federal action, rather than rule immediately and have to revisit later these issues in light of other insurers' contributory liability. But despite the fact that the district court may have had a logical rationale for retaining jurisdiction to apportion and quantify damages, its decision is not appealable; a judgment that awards damages as in this case but fails to quantify them is simply not final. *See Principal Mutual*, 116 N.M. at 416, 863 P.2d at 451.

Because the damages award included elements of attorney's fees, we want to clarify the significance of *Principal Mutual* and *Kelly Inn* under the facts presented here. *Principal Mutual* held that a declaratory judgment for indemnification was not final because it awarded compensatory damages for the expenses of previous litigation including attorney's fees but failed to quantify the damages award. At 414, 863 P.2d at 449. In contrast, *Kelly Inn* held that a judgment resolving all issues of liability but not quantifying an attorney's fees award for the litigation in question was final and appealable because the attorney's fees were analogous to costs, supplementary to relief on the merits. 113 N.M. at 239, 241–42, 824 P.2d at 1041, 1043–44.

Here, two types of attorney's fees were awarded. Paragraph Five of the district court's Final Judgment and Order awarded "attorney's fees and costs incurred by VIA [1] in defense of the [*Yates*] [a]ction and [2] in prosecuting this case." The attorney's fees incurred by VIA in defense of the *Yates* action originated in previous, underlying litigation (the *Yates* action). Because these attorney's fees were not incurred to litigate the suit before us, they are not *Kelly Inn*-type attorney's fees quantifiable after appeal. Instead they are more like *Principal Mutual*-type attorney's fees, awarded to an indemnitee for expenses of previous, underlying litigation and redressing the core injury prompting the indemnification claim.

Decisions from other jurisdictions support our view that the first type of attorney's fees awarded in the district court's judgment does not fall within the *Kelly Inn* exception to the final judgment rule. Distinguishing attorney's fees that can be assessed after appeal from attorney's fees that cannot, the Eighth Circuit has explained that attorney's fees "necessary to remedy the damage or injury sustained by a plaintiff" must be quantified prior to appeal. *Justine Realty Co. v. American Nat'l Can Co.*, 945 F.2d 1044, 1048–49 (8th Cir.1991). Such fees include "in an action against an insurer for failure to defend an underlying action as required by an insurance policy, plaintiff's costs and fees in defending the underlying action." *Id.* Additionally, the Third Circuit has held that in a lawsuit for breach of an insurer's duty to defend its insured in underlying litigation, damages awarded for attorney's fees incurred by the insured when defending itself in the underlying litigation are part and parcel of the relief sought on the merits and must be quantified before the judgment containing the award can be final. *Beckwith Mach. Co. v. Travelers Indem. Co.*, 815 F.2d 286, 290–91 (3d Cir.1987).

The second set of attorney's fees were incurred by VIA in prosecuting this case. These are *Kelly Inn*-type attorney's fees because they were incurred to litigate the case before us, assumably awarded pursuant to the Hartford insurance contract in question on the merits.

Thus, the district court's judgment contains awards for damages on the merits of the indemnification claim, including the cost of defense (*Principal Mutual*-type attorney's fees), settlement, and damages incurred by VIA in the *Yates* action, and an award of *Kelly Inn*-type attorney's fees. Although the failure to quantify *Kelly Inn*-type attorney's fees does not preclude finality, 113 N.M. at 233, 824 P.2d at 1035, the other damages must be quantified precedent to appeal. The inclusion of *Kelly Inn*-type attorney's fees does not somehow bestow finality on the rest of the unquantified judgment for damages.

■ Our conclusion remains sound when tested by traditional finality principles. The general rule for determining finality is that " 'an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible.'" *Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038 (quoting *B.L. Goldberg & Assocs. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985)). The amount of Hartford's contribution for defending and indemnifying VIA for the costs of the *Yates* litigation is a substantive issue of fact and law that is still open. Although the seven insurers defending the federal action are not parties to this action and the trial court is powerless to rule on their contribution percentages at this time, INA is a party here, and the apportionment of liability between INA and Hartford is an unresolved issue that the district court could have disposed of more fully. Furthermore, we see no reason why the damages award against Hartford could not have been quantified by the district court, even though Hartford's ultimate monetary exposure might be affected in future litigation adjudicating the apportionment of liability among Hartford and the seven insurers defending the federal action.

## CONCLUSION

The district court's failure to quantify damages renders its judgment non-final,

even in the presence of currently unresolvable questions concerning the proper apportionment of indemnification liability among parties and non-parties. Before we may consider the merits of this dispute, the damage award against Hartford must be adjudicated to quantification. Whether final disposition by the district court is postponed until resolution of the federal action or not, the district court's judgment cannot undergo appellate review in its current state.

The appeal is dismissed without prejudice.

IT IS SO ORDERED.

BACA and FRANCHINI, JJ., concur.