887 P.2d 1247

**STATE of New Mexico ex rel. STATE ENGINEER, Petitioner,**

v.

**PARKER TOWNSEND RANCH COMPANY and United Continental of New Mexico, Respondents.**

No. 20972.

Supreme Court of New Mexico.

Dec. 13, 1994.

Tom Udall, Atty. Gen., Peter Thomas White, Sp. Asst. Atty. Gen., Santa Fe, for petitioner.

Interjurist Law Firm, Frederick H. Hennighausen, Roswell, for respondents.

## OPINION

RANSOM, Justice.

On petition of the State, we issued our writ of certiorari to the Court of Appeals to review whether a "subfile order" adjudicating the water rights of the predecessors in interest of Parker Townsend Ranch was an interlocutory order or, as determined by the trial court and affirmed by the Court of Appeals, a final order from which the State could seek relief only under SCRA 1986, 1–060(B) (Repl. Pamp.1992). We took certiorari in this case

because at the time the State filed its petition we had under consideration several issues arising out of our decision in *Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 824 P.2d 1033 (1992).

In the instant case the Court of Appeals' majority relied on *Kelly Inn* to make its determination that, after the time for appeal from a final order has lapsed, subfile orders may be reopened only under Rule 1–060(B). That Court also concluded that SCRA 1986, 1–054(C) (finality of judgments) was inapplicable in determining whether a subfile order adjudicating water rights as between the State and the applicant is a final judgment or order. Although we affirm the Court of Appeals and publish that Court's opinion herewith, we briefly comment on the Court's reliance on *Kelly Inn* and the Court's conclusion that a subfile order in this water-rights adjudication "was not final [under Rule 1–054(C)(1)] in the absence of an 'express determination that there is no just reason for delay'" and "was not final under Rule 1–054(C)(2), which declares final 'judgment … entered adjudicating all issues as to one or more, but fewer than all parties.'" *State ex rel. State Engineer v. Parker Townsend Ranch,* 118 N.M. 787, 791, 887 P.2d 1254, 1258 (1992).

Since *Kelly Inn* was decided, we have retreated from its bright-line rule of finality in cases which reserve the fixing of attorney's fees and we have stated that, in "marginal cases coming within the twilight zone of finality," the zone of appeal should be one of practical choice. *Trujillo v. Hilton of Santa Fe,* 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993). See also our most recent cases citing *Kelly Inn* and discussing finality: *Luboyeski v. Hill,* 117 N.M. 380, 382, 872 P.2d 353, 355 (1994) (holding that notice of appeal divested trial court of jurisdiction to enter an order granting motion to amend complaint because such an order could affect the judgment that had been appealed); *Valley Improvement Ass'n v. Hartford Accident & Indem. Co.,* 116 N.M. 426, 429–30, 863 P.2d 1047, 1050–51 (1993) (holding that judgment in declaratory action was not final because award of attorney's fees and other damages in connection with a prior litigation had yet to be quantified and liability had not been apportioned among the parties); *Principal Mut. Life Ins. Co. v. Straus,* 116 N.M. 412, 413–15, 863 P.2d 447, 448–50 (1993) (holding that trial court judgment on insurer's indemnification claim was not final because the indemnified attorney's fees had not been quantified); *City of Santa Fe v. Komis,* 114 N.M. 659, 667, 845 P.2d 753, 761 (1992) (holding that trial court lacked jurisdiction to modify interest rate on judgment after notice of appeal had been filed because the matter was not collateral to those that had been appealed); *Carrillo v. Rostro,* 114 N.M. 607, 614–16, 845 P.2d 130, 137–39 (1992) (adopting collateral order doctrine and holding that a determination denying qualified immunity defense is immediately appealable because defense would otherwise effectively be lost).

Although the holding of *Kelly Inn* has been limited to the finality of a judgment reserving for future determination the amount of attorney's fees already awarded for the litigation being appealed, *Trujillo,* 115 N.M. at 398, 851 P.2d at 1065, the rationale supporting the *Kelly Inn* holding has universal application. "[T]he term 'finality' is to be given a practical, rather than a technical, construction to satisfy the policies of facilitating meaningful appellate review and of achieving judicial efficiency." *Id.* We do not believe that a subfile order may be legitimately characterized as falling within a twilight zone of finality in which, for purposes of appeal, this Court should grant to the parties an election over the time to perfect an appeal. There are practical, if not technical, reasons for viewing subfile orders final as between the state and the applicant whose water-rights adjudication is litigated apart from the interests of other parties, and without their participation. Such adjudication is joined with the inter se proceedings only for purposes of judicial economy and case management.

The Court of Appeals held that the subfile order at issue here was not final under either Rule 1–054(C)(1) or Rule 1–054(C)(2). To the contrary, we believe that because a subfile order is *an adjudication of water rights as between the state and the*

*applicant only*, it satisfies the policies of certainty in dispute resolution, alienability of property, facilitation of meaningful appellate review, and achievement of judicial efficiency to hold that such subfile orders are final insofar as they resolve all claims for relief between the state and the applicant. *See State ex rel. Reynolds v. Sharp*, 66 N.M. 192, 196–97, 344 P.2d 943, 945 (1959) (holding that order adjudicating a water right is final and appealable "insofar as it covers the matters included therein"). Subfile orders are a declaration of water rights upon which persons rely in the use and transfer of such rights for decades before a final resolution of the universal questions at issue inter se. We take judicial notice of the fact that subfile orders adjudicating water rights as between the state and the applicant are deemed by the general public to be final as against the state.

■ We thus hold that even though the subfile order is entered as part of comprehensive water-rights litigation in which adjudications involving other applicants or inter se proceedings have yet to be resolved, those protracted proceedings do not require that a subfile order be classified as a judgment entered on "fewer than all of the claims" as contemplated by Rule 1–054(C)(1) (judgment on fewer than all claims not final without express determination). The trial court adjudicating water rights as between the state and the applicant therefore need not expressly determine that there is no just reason for delay in order for its judgment to be final. Nevertheless, should a subfile order reserve for future determination some issues contested by the state and the applicant, such as priority date, then under Rule 1–054(C)(1) the trial court would be required to make an express determination that there is no just reason for delay in order to make the subfile order final and appealable.

■ For the same reason, we hold that, as between the state and the applicant, a subfile adjudication of all water-rights issues between the state and the applicant may be given the presumption of finality accorded adjudications involving "multiple parties" under Rule 1–054(C)(2) (judgment on all issues as to one or more but fewer than all parties is final unless court expressly provides otherwise). Despite the fact that the state and the applicant may be involved in adjudica-

tions and inter se proceedings with other parties, we hold today, insofar as the subfile order adjudicates all water-rights issues between the state and the applicant, that order is final within the meaning of Rule 1–054(C)(2). Thus the trial court may make a subfile order adjudicating all water-rights issues as between the state and the applicant interlocutory only by expressly stating that such order is interlocutory.

Under the unique circumstances of global water-rights litigation, we believe our holding today best meets the letter and intent of Rule 1–054(C). Should either party prevail upon the trial court or should the trial court act sua sponte, because Rule 1–054(C) is applicable to the question, the court may expressly determine that there is no just reason for delay of final judgment on less than all claims for relief in a water-rights adjudication (Rule 1–054(C)(1)), or that the judgment shall not be final despite the adjudication of all issues (Rule 1–054(C)(2)).

■ Thus, the trial court will have discretion to allow appeal of fewer than all claims at issue in a subfile and to reserve completed subfile orders in an interlocutory state pending further litigation that may bear upon the adjudication in question. The trial court's judgment will not be disturbed absent an abuse of discretion under all the circumstances relevant and material to the global litigation. *See Banquest/First Nat'l Bank of Santa Fe v. LMT, Inc.*, 105 N.M. 583, 585, 734 P.2d 1266, 1268 (1987) (establishing abuse of discretion standard for Rule 1–054(C)(1) cases); Rule 1–054(C)(2) (stating that court "in its discretion" may determine that order adjudicating all issues as to one or more parties is interlocutory for purposes of appeal). The court originally entering the subfile order in this case did not use language affecting the order's finality. Therefore, the present lower court and the Court of Appeals are affirmed.

**IT IS SO ORDERED.**

BACA, C.J., and FRANCHINI and FROST, JJ., concur.