1998-NMSC-008

957 P.2d 63

**EXECUTIVE SPORTS CLUB, INC., a New Mexico corporation, Plaintiff–Appellant,**

v.

**FIRST PLAZA TRUST, and G. Andrews Smith, Trustee, Defendants– Appellees.**

**No. 24712.**

Supreme Court of New Mexico.

March 23, 1998.

Louis J. Vener, P.C., Louis J. Vener, Albuquerque, for Appellant.

Browning and Peifer, P.A., James O. Browning, Jane B. Wishner, Albuquerque, for Appellees.

## OPINION

MINZNER, Justice.

{1}   This matter comes before the Court on motion of Defendants–Appellees First Plaza Trust and G. Andrews Smith, Trustee (collectively, First Plaza), to dismiss as untimely an appeal filed by Plaintiff–Appellant Executive Sports Club, Incorporated (ESC). We deny the motion to dismiss the appeal.

### I.

{2}   ESC filed suit against its former landlord, First Plaza, for conversion of ESC's property arising out of a landlord-tenant dispute between the parties.  The district court consolidated the conversion action with an earlier-filed action by ESC against First Plaza for overpayment of rent, which already had been dismissed with prejudice but which had pending factual findings pursuant to a remand by this Court.  Following consolidation, First Plaza moved to dismiss the conversion action on the bases of res judicata and collateral estoppel.  On June 30, 1997, the district court dismissed with prejudice the conversion action.  On July 15, 1997, First Plaza filed a motion to tax costs and a motion for attorney's fees owing under the lease agreement between First Plaza and ESC. The district court granted First Plaza's

motion to tax costs but denied the motion for attorney's fees. The district court concluded that attorney's fees awarded to First Plaza in the first action filed by ESC, for overpayment of rent, covered the attorney's fees in the conversion action as well. The district court denied the motion for attorney's fees on August 14, 1997.

{3} ESC filed its notice of appeal on August 26, 1997, fifty-seven days after the entry of judgment on June 30, 1997, and twelve days after the district court denied the motion for attorney's fees. First Plaza then filed this motion to dismiss the appeal as untimely.

## II.

■ {4} Our Rules of Appellate Procedure require that parties file a notice of appeal "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office ." Rule 12–201(A) NMRA 1998. "It is incumbent upon the parties to strictly adhere to our clearly articulated rules of procedure," and "[o]nly the most unusual circumstances beyond the control of the parties ... will warrant overlooking procedural defects." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). In application of this principle, we recently distinguished between two untimely filed appeals, by dismissing one appeal and allowing the other, solely on the basis of the existence of unusual circumstances. *Chavez v. U–Haul Co.*, 1997–NMSC–051, ¶¶ 21–26, 124 N.M. 165, 947 P.2d 122. However, the timely filing of a notice of appeal is a *"mandatory precondition[ ] to the exercise of jurisdiction,"* rather than an "absolute jurisdictional requirement." *Trujillo v. Serrano*, 117 N.M. at 277–78, 871 P.2d at 373–74. As a result, we must be cautious in granting the extreme remedy of dismissing an appeal and bear in mind that "[p]rocedural formalities should not outweigh basic rights where the facts present a marginal case which does not lend itself to a bright-line interpretation." *Trujillo v. Serrano*, 117 N.M. at 276, 871 P.2d at 372.

■ {5} First Plaza argues that ESC's appeal is untimely because the district court's action on June 30, 1997, represents the court's final judgment. Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *B.L. Goldberg & Assocs. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985). However, this rule is neither absolute nor inflexible. *Kelly Inn No. 102, Inc. v.. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992).

{6} We have addressed, specifically, the finality of judgments in relation to procedures involving attorney's fees on numerous occasions and in three general contexts: (1) the divestiture of trial court jurisdiction upon the filing of an appeal, *see generally Kelly Inn*, 113 N.M. at 234–40, 824 P.2d at 1036–42; (2) the premature filing of an appeal, *see generally Valley Improvement Ass'n v. Hartford Accident & Indem. Co.*, 116 N.M. 426, 863 P.2d 1047 (1993); *Principal Mut. Life Ins. Co. v. Straus*, 116 N.M. 412, 863 P.2d 447 (1993); and (3) the untimely filing of an appeal, *see generally Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 851 P.2d 1064 (1993).

{7} In *Kelly Inn*, a lessee filed a notice of appeal after the trial court had entered judgment with an award of "reasonable attorney's fees" but before any valuation of the attorney's fees. 113 N.M. at 234, 824 P.2d at 1036. The trial court then refused to fix the amount of attorney's fees for lack of jurisdiction due to the pending appeal. *Id.* The lessor contended on appeal that the judgment was not final and, therefore, that the trial court erred by refusing to fix the amount of attorney's fees. *Id.* The Court determined that

a proceeding to fix the amount of attorney's fees is analogous to a proceeding to fix the amount of costs. It does not seek to alter or revise the judgment in any way or otherwise to affect the issues on appeal from the judgment; it seeks only to carry out the judgment by quantifying the supplementary relief to which the prevailing party-under the applicable statute, court rule, or contract-is entitled.

*Kelly Inn,* 113 N.M. at 241–42, 824 P.2d at 1043–44. As a result, this Court, following the rationale of the United States Supreme Court in *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 199–202, 108 S.Ct. 1717, 1720–1722, 100 L.Ed.2d 178 (1988), concluded that the judgment was final.[1] *Kelly Inn,* 113 N.M. at 235–40, 824 P.2d at 1037–42.

■ {8} In both *Principal Mutual* and *Valley Improvement,* this Court, addressing whether the respective appeals were premature, clarified the holding of *Kelly Inn.* We determined that there is a distinction between attorney's fees awarded for services in the action on appeal, referred to as *"Kelly Inn*-type" attorney's fees, and "attorney's fees that are substantively part of compensatory damages necessary to remedy the plaintiff's injury." *Principal Mut. Life Ins.,* 116 N.M. at 415, 863 P.2d at 450; *accord Valley Improvement,* 116 N.M. at 429–30, 863 P.2d at 1050–51. Unlike *Kelly Inn*-type attorney's fees, an award for attorney's fees as an aspect of damages, from incidental or underlying litigation, for example, is not collateral to the judgment; "[a]judgment or order that reserves the issue of assessment of damages for future determination is not a final judgment for purposes of appeal." *Principal Mut. Life Ins.,* 116 N.M. at 413, 863 P.2d at 448. Thus, because these cases involved attorney's fees as an aspect of compensatory damages and due to the "strong policy in New Mexico disfavoring piecemeal appeals," *Valley Improvement,* 116 N.M. at 429, 863 P.2d at 1050, we dismissed both appeals as premature for lack of jurisdiction. *Valley Improvement,* 116 N.M. at 431, 863 P.2d at 1052; *Principal Mut. Life Ins.,* 116 N.M. at 415–16, 863 P.2d at 450–51.

■ {9} In this appeal, First Plaza argues that, because the attorney's fees requested in its motion are for services rendered in the conversion action, the trial court's decision regarding the motion was collateral to the June 30, 1997 judgment and was merely ministerial. In other words,

First Plaza argues that it requested *Kelly Inn*-type attorney's fees rather than *Principal Mutual*-type attorney's fees. As a result, First Plaza contends that we should apply *Kelly Inn* to conclude that the judgment was final on June 30, 1997, and that this appeal is untimely. We disagree.

{10} In *Trujillo v. Hilton,* we reviewed a similar request to dismiss an appeal as untimely on the basis of *Kelly Inn. Trujillo v. Hilton,* 115 N.M. at 397, 851 P.2d at 1064. We noted that *Kelly Inn* relied on the near impossibility of creating a formulaic approach to finality with respect to "marginal" or uncertain matters, such as attorney's fees. *Trujillo v. Hilton,* 115 N.M. at 398, 851 P.2d at 1065.

> What we did not say [in *Kelly Inn* ], and now wish to make clear, is that when the policies of facilitating meaningful appellate review and of achieving judicial efficiency outweigh the policy against piecemeal appeals, and appeal of a 'marginal case' would be proper, we would not in the same case refuse the appeal if the aggrieved party were to delay the giving of a timely notice of appeal until resolution of the matters supplemental to the underlying controversy.

*Trujillo v. Hilton,* 115 N.M. at 398, 851 P.2d at 1065; *see also Barela v. ABF Freight Sys.,* 116 N.M. 574, 576–77, 865 P.2d 1218, 1220–21 (Ct.App.1993) (applying *Trujillo v. Hilton* and concluding that an employer could appeal from either an original workers' compensation order or a subsequent order awarding attorney's fees).

{11} As these notions from *Trujillo v. Hilton* make clear, the principles of finality articulated in *Kelly Inn, Principal Mutual,* and *Valley Improvement* are intended to assist the courts in promoting judicial efficiency and preventing piecemeal appeals. These principles are meant to draw a bright-line rule only for purposes of protecting against the premature exercise of appellate jurisdiction.[2] If we applied these same principles to

---

1. The Court also concluded that the finality of the judgment did not divest the trial court of jurisdiction to consider ministerial matters "collateral to" or "separate from" the judgment.

*Kelly Inn,* 113 N.M. at 241–44, 824 P.2d at 1043–46.

2. While, in *Kelly Inn,* 113 N.M. at 235–40, 824 P.2d at 1037–42, we adopted a rationale similar

force litigants into the precarious position of choosing between the possibility of a premature filing, subject to dismissal without prejudice, *see Principal Mut. Life Ins.*, 116 N.M. at 416, 863 P.2d at 451, and the possibility of an untimely filing, subject to dismissal with prejudice absent unusual circumstances, *see Trujillo v. Serrano*, 117 N.M. at 278, 871 P.2d at 374, the appellate courts would be unduly burdened with the routine and unnecessary defensive filing of premature appeals. Such a result, by encouraging piecemeal appeals, certainly would not further the principle of judicial efficiency and would, in fact, impede meaningful appellate review: "It is the policy of this court to construe its rules liberally to the end that causes on appeal may be determined on the merits, where it can be done without impeding or confusing administration or perpetrating injustice." *Jaritas Live Stock Co. v. Spriggs*, 42 N.M. 14, 16, 74 P.2d 722, 722–23 (1937), *quoted in Trujillo v. Serrano*, 117 N.M. at 276, 871 P.2d at 372; *accord Jueng v. New Mexico Dep't of Labor*, 121 N.M. 237, 241, 910 P.2d 313, 317 (1996) (limiting "the number of formal hurdles an appellant must overcome to obtain review").

{12}  Therefore, we reaffirm our position in *Trujillo v. Hilton* that, in marginal cases,[3] the filing of a notice of appeal "should be one of practical choice and not one of procedural danger." 115 N.M. at 398, 851 P.2d at 1065. As indicated by the line of cases including *Kelly Inn, Trujillo v. Hilton, Principal Mutual*, and *Valley Improvement*, matters involving the award and valuation of attorney's fees continue to create ambiguity with re-

spect to the finality of judgment, and cases involving these matters are, therefore, of marginal finality.

{13}  The facts of this case illustrate the uncertainty of finality caused by a request for attorney's fees. We have not explicitly addressed whether a motion for an award of attorney's fees, as distinguished from the valuation of an attorney's fees award addressed in *Kelly Inn*, can be characterized as collateral to or separate from a judgment. *See Kelly Inn*, 113 N.M. at 235 n .8, 824 P.2d at 1037 n. 8. While many awards of attorney's fees will be analogous to awards of costs, and therefore ministerial, there may be requests for attorney's fees which require the trial court to make a substantive evaluation of legal and factual issues involved in the case. In this case, for example, there was no award of attorney's fees in the dismissal on June 30, 1997. Additionally, while First Plaza requested attorney's fees incurred in the conversion action, First Plaza's request for attorney's fees, based on a provision in the lease agreement between First Plaza and ESC, necessarily required an interpretation of the terms of the lease by the trial court. In fact, the trial court concluded that First Plaza had been sufficiently compensated under the lease by the award of attorney's fees in the first suit filed by ESC. Given these circumstances, it is not clear whether the trial court's ruling on the motion was collateral to the judgment; it appears that not all significant issues of fact and law had been determined to the fullest extent possible. We believe this ambiguity demonstrates the sound rationale of practical choice over pro-

to the United States Supreme Court's in *Budinich*, 486 U.S. at 199–202, 108 S.Ct. at 1720–1722, that pending trial court matters involving attorney's fees do not preclude finality, our decision in *Trujillo v. Hilton* departed from the holding of *Budinich*. Unlike the United States Supreme Court, which affirmed the Tenth Circuit Court of Appeals' dismissal of an appeal as untimely despite pending matters involving attorney's fees, *see Budinich*, 486 U.S. at 203, 108 S.Ct. at 1722, we reversed the dismissal of an appeal as untimely in light of a "marginal" matter involving attorney's fees, *Trujillo v. Hilton*, 115 N.M. at 398, 851 P.2d at 1065, pending at the time the order awarding workers' compensation and medical benefits was entered. Our decision to draw a different bright-line rule than the United States Supreme Court reflects the

importance in New Mexico of the constitutional right to an appeal, NM Const. art. VI, § 2 (as amended 1965) (stating that "an aggrieved party shall have an absolute right to one appeal"), and our resulting preference for deciding appeals on their merits.

3.  We emphasize that the phrase, "marginal cases," describes a limited class.  *See State ex rel. State Engineer v. Parker Townsend Ranch Co.*, 118 N.M. 780, 781, 887 P.2d 1247, 1248 (1994) ("We do not believe that a subfile order may be legitimately characterized as falling within a twilight zone of finality in which, for purposes of appeal, this Court should grant to the parties an election over the time to perfect an appeal.").

cedural danger articulated in *Trujillo v. Hilton.*[4]

{14}   As a result, for cases such as this one, in which a motion for attorney's fees is filed after the entry of judgment but before the expiration of the time limitation for the filing of an appeal, we conclude that appellants may elect to file a timely notice of appeal from the judgment or to file a timely notice of appeal from the trial court's resolution of the supplemental matter of attorney's fees. While this Court will dismiss an appeal as premature if, in the view of the Court, the pending matter precludes finality, thereby preventing this Court from exercising jurisdiction, we will not dismiss an appeal as untimely should an appellant choose to delay the filing until the "marginal" matter is resolved.

### III.

{15}   First Plaza's filing of a motion for attorney's fees created uncertainty as to the finality of the district court's action of June 30, 1997. ESC properly elected to delay the filing of its notice of appeal until the resolution of that matter. Therefore, the motion to dismiss the appeal is denied.

{16}   **IT IS SO ORDERED.**

BACA and SERNA, JJ., concur.

---

**4.** We also note that *Trujillo v. Hilton* is consistent with Rule 12–201(D), providing an extension of time for filing a notice of appeal based on the filing of certain post-trial motions.