This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KRISTI HASSELSTROM,**

Petitioner-Appellant,

v.                                                          NO. 30,452

**DONALD W. SCOTT,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Kristi Hasselstrom
Rio Rancho, NM

Pro Se Appellant

M. Michelle Cortez
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Petitioner (Mother) appeals from two orders addressing issues of child support and periods of responsibility for her three children. In this Court's notice of proposed summary disposition, we proposed to dismiss the appeal because no final order has been entered resolving all of the issues raised in the parties' post-divorce-decree motions. Mother has timely filed a memorandum in opposition to our proposed summary dismissal. We have considered Mother's arguments and, as we are not persuaded by them, we dismiss this appeal.

"In civil cases, this Court has jurisdiction over, among other things, any final order after entry of judgment which affects substantial rights[.]" *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 (internal quotation marks and punctuation omitted). "Whether an order is a 'final order' . . . is a jurisdictional question that an appellate court is required to raise on its own motion." *Id.* In a divorce proceeding involving issues over which the district court has continuing jurisdiction, a decision by the district court that resolves fewer than all of the issues presented by post-decree motions is not final and appealable unless "(1) the trial court expressly determines, pursuant to Rule 1-054(C)(1) NMRA 1998 [now Rule 1-054(B)(1) NMRA] that there is no just reason for delay and expressly directs entry of judgment and (2) the matters adjudicated are not intertwined with issues that remain unresolved." *Khalsa*, 1998-NMCA-110, ¶ 2.

In our notice of proposed summary disposition, we proposed to conclude that no final order has been entered in this case because the district court has not resolved all the issues raised by the parties' multiple post-decree motions and, with respect to those issues that have been resolved, has not made the determinations required by Rule 1-054(B)(1). *See Khalsa*, 1998-NMCA-110, ¶ 2. In Mother's memorandum in opposition, she argues that this Court should hear the appeal because the issues she raises are not intertwined with those that are still to be decided by the district court. We are not persuaded. New Mexico has a strong policy disfavoring piecemeal appeals. *See Executive Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶¶ 8, 11, 125 N.M. 78, 957 P.2d 63. When a final decision is rendered as to some issues in a case, but not others, such a decision is generally not immediately appealable unless the district court certifies that there is no just reason for delay and expressly directs entry of judgment. *See Khalsa*, 1998-NMCA-110, ¶ 2. Where, as here, the district court has not made the determinations required by Rule 1-054(B)(1) or otherwise demonstrated any intention that its non-final orders be immediately appealable, we do not reach the issue of whether the issues on appeal are intertwined with those yet to be decided, as no final judgment has been entered and no exception to the requirement of a final judgment applies.

Therefore, for the reasons stated this opinion and in our notice of proposed

summary disposition, we dismiss Mother's appeal.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**