This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BEHLES LAW FIRM, P.C.,**

Plaintiff-Appellant,

**v.**                                                    **No. 31,692**

**CURTIS HANLEN AND KAREN HANLEN,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
C. Shannon Bacon, District Judge

Behles Law Firm
Jennie Deden Behles
Albuquerque, NM

for Appellant

Curtis & Karen Hanlen
Bosque Farms, NM

Pro se Appellees

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

The Behles Law Firm (Behles) appeals from the district court order enforcing the settlement agreement and denying Behles's motion for reconsideration requesting that the district court review the fees charged by the special master. This Court issued a calendar notice proposing to dismiss for lack of a final order. Behles has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we dismiss.

In this Court's calendar notice, we proposed to dismiss based on the lack of a stipulated dismissal or other order resolving the matter below. We noted that, although the district court had entered an order enforcing the settlement agreement, it had conditioned its entry of a signed, stipulated dismissal on the parties' certification that they had made the payments specified in the district court order. [RP 1371-72] We suggested that based on the way the district court's order was drafted the district court could revise its decision about the enforceability of the settlement agreement based on the parties' noncompliance or for reasons previously raised. [CN 3-4] Thus, we proposed to conclude that the exercise of this Court's jurisdiction would be premature.

The crux of Behles's response to this Court's notice of proposed disposition is that the matter to be resolved is merely collateral. Thus, according to Behles, appellate review should be permitted at this time. We disagree. Generally, an order

or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible. *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992). The term "finality," however, "is to be given a practical, rather than a technical, construction." *Id.* "Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein." *Id.* at 238, 824 P.2d at 1040.

To the extent Behles argues that "[t]he only issue not dealt with is the collateral matter relating to the special master and his fees" [MIO 4], we conclude that our Supreme Court's opinion in *Executive Sports Club v. First Plaza Trust*, 1998-NMSC-008, 125 N.M. 78, 957 P.2d 63, is instructive. In *Executive Sports Club*, the Court recognized the distinction between attorney's fees of the type in *Kelly Inn* and those that are "substantively part of compensatory damages necessary to remedy the plaintiff's injury." *Executive Sports Club,* 1998-NMSC-008, ¶ 8. Here, the parties made the payment of the special master's fees part of the merits of the underlying claim by including them in the negotiations and settlement agreement resolving the underlying collection matter. Thus, to the extent Behles is challenging the special

3

master's fees, Behles is in essence challenging the underlying settlement agreement. As such, we conclude it would be inappropriate for this Court to treat issues relating to the special master's fees as separate from the underlying merits.

Behles contends that the district court's order is practically final because it represents "the last deliberative action of the court." [MIO 6] Behles contends that the order provides "that if and when the money is paid, the court will enter a dismissal." [MIO 7] Behles contends that the dismissal is automatic; therefore, the district court is left without any further discretion in this matter. We disagree. The district court drafted the order in such a way to make the final resolution of the underlying merits, or the implementation of the settlement agreement, contingent on Behles's payment of the special masters' fee, therefore retaining discretion to act in the event Behles fails to comply with the order. Thus, the district court still retains the authority to act in the event of noncompliance, without requiring that it await further action by the parties. We conclude that the district court's act of retaining control over the enforcement of the settlement agreement by not entering the parties' signed, stipulated dismissal until the parties complied with the terms of the order renders the order non-final.

For the reasons stated above and in this Court's notice of proposed disposition, we dismiss. Behles may appeal this matter following the entry of a final order in district court.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**