This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CENTURY BANK, a New Mexico banking corporation,**

Plaintiff-Appellee,

**v.**                                                                                           **No. 31,939**

**ARTYARD LIMITED PARTNERSHIP, a New Mexico limited partnership, DONALD H. WIVIOTT, MITCHEL M. DAVENPORT, ANTHONY J. ALLEGRETTI, DHW, LLC, a New Mexico limited liability company, THE ARTYARD MASTER CONDOMINIUM ASSOCIATION., INC., a New Mexico corporation, and PARKSIDE RESIDENTIAL CONDOMINIUM ASSOCIATION, INC., a New Mexico Corporation,**

Defendants,

**and**

**PRAXIS ARCHITECTS, INC., a New Mexico corporation,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara Vigil, District Judge**

Scheuer, Yost & Patterson, P.C.
Charlotte H. Heterington
Santa Fe, NM

for Appellee

Sommer, Sutin, Udall, Hardwick, & Hyatt, P.A.
Jack N. Hardwick
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant-Appellant Praxis Architects, Inc. (Praxis) has appealed from two related orders: one awarding summary judgment to Plaintiff-Appellee Century Bank (Century), and the other awarding attorney fees and costs to Century. We issued a notice of proposed summary disposition, proposing to dismiss the appeal on grounds that neither order is final. Century has filed a memorandum in opposition and Praxis has filed a memorandum in support, which we have duly considered. Because we remain unpersuaded that this matter is properly before us at this juncture, we dismiss the appeal.

The right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102 v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Under the circumstances presented in this case, the

orders could only be final and appealable if they could be said to adjudicate all of the issues as to any party. *See generally* Rule 1-054(B)(2) NMRA.

As we previously observed, neither of the district court's orders fully resolves all of the issues as to Century, because Century's claims against other defendants remain pending. The orders similarly fail to dispose of Praxis' cross-claims against other defendants. Accordingly, insofar as issues remain outstanding relative to both Century and Praxis, the orders cannot be regarded as final and appealable pursuant to Rule 1-054(B)(2). *Cf. Healthsource, Inc. v. X-Ray Assoc. of N.M.*, 2005-NMCA-097, ¶¶ 11-15, 138 N.M. 70, 116 P.3d 861 (observing that appeal may only be taken if all issues have been resolved by the order under consideration; where counterclaims remain, immediate appeal is generally unavailable); *Tarin's, Inc. v. Tinley*, 2000-NMCA-048, ¶ 2, 129 N.M. 185, 3 P.3d 680 (holding that a judgment containing no mention of a counterclaim was not a final, appealable order).

In its memorandum in opposition Century argues that the orders should be regarded as final, insofar as they resolve all claims "as between Century and Praxis." [MIO 1, 3, 4] However, the fact that the issues between these two parties may have been resolved is insufficient. To satisfy Rule 1-054(B)(2), an order must resolve *every* issue as to one or more of the parties. For the reasons previously stated, neither of the district court's orders meets this description.

Century further suggests that the district court's orders should be regarded as final insofar as "Praxis' remaining cross-claims are severable and could be tried as a separate unit." [MIO 3]   In this regard, Century observes that the district court's orders resolve all of Praxis' claims relative to the mortgaged premises, leaving only Praxis' contractual claims pending. [MIO 4-5] However, the fact that the claims currently pending are different in nature from the claim previously resolved, such that severance might be a theoretical possibility, does not render the orders final under any rule or published authority of which we are aware.  The authorities upon which Century relies, addressing "difficult questions" within the "twilight zone of finality," [MIO 4] are applicable to "marginal cases" in which all substantive claims have been resolved, leaving only collateral matters and/or ministerial acts outstanding.  *See generally Executive Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 12 n.3, 125 N.M. 78, 957 P.2d 63 (observing that "marginal cases" describes a limited class). This is not such a case.

Finally, we understand Century to argue that the orders are final, insofar as the district court "exercised its discretion" by "declaring the finality of its judgment" pursuant to Rule 1-054(B)(2). [MIO 4-5] However, Rule 1-054(B)(2) does not provide for discretionary declarations of finality.  We acknowledge that Rule 1-054(B)(1) provides that a judgment that is final as to one or more claims but fewer than all

claims may become final, "upon an express determination that there is no just reason for delay." *Id.* However, neither of the orders at issue in this case incorporates such language.

Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that neither of the district court's orders is immediately reviewable. The appeal is therefore summarily dismissed.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**