This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**AMERICAN EXPRESS FEDERAL
SAVINGS BANK, FSB,**

    Plaintiff-Appellee,

**vs.**                                         **NO. 32,792**

**DAVID E. MITTLE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Raymond Z. Ortiz, District Judge**

Bryan W. Thomason
Albuquerque, NM

for Appellee

David E. Mittle
Santa Fe, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}      Appellant David E. Mittle appeals from the following orders filed by the district court: (1) Order Granting Plaintiff's Motion for Summary Judgment, filed February 6, 2013 [RP Vol. IV/596]; (2) Order Denying Defendant's Motion to Strike Plaintiff's Reply in Support of Summary Judgment, filed February 6, 2013 [RP Vol. IV/598]; (3) Order Denying Defendant's Oral Motions to Reconsider, filed February 22, 2013 [RP Vol. IV/612]; and (4) Order Denying Defendant's Motion for Sanctions, filed February 22, 2013 [RP Vol. IV/610]. [*See also* RP Vol. IV/627-37] Our notice proposed to dismiss for lack of a final order, and Mittle filed a timely memorandum in opposition. We are not persuaded by Mittle's arguments and therefore dismiss for lack of a final order.

{2}      In relevant part, the Order Granting Plaintiff's Motion for Summary Judgment states the following: "Plaintiff [American Express Bank, FSB] shall prepare a form of final judgment in this matter and distribute it to all parties for approval within five days of entry of this Order." [RP Vol. IV/596] Because the referenced passage indicates that the district court will enter a subsequent judgment, the order is not final for purposes of appeal. *See generally Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (providing that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible), *limited on other*

*grounds by Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, ¶ 1, 115 N.M. 397, 851 P.2d 1064.

{3} Mittle argues that the order granting summary judgment disposed of all issues of law and fact to the fullest extent possible, with the exception of attorney fees and costs. [MIO 2] Likewise, Mittle claims that entry of a final judgment in this case is simply a "ministerial act." [MIO 3] We disagree. The order granting summary judgment is not a final disposition and the district court was free to modify its ruling until it entered the final judgment.

{4} To the extent that Mittle relies upon *Kelly Inn No. 102, Inc*, 1992-NMSC-005, in support of his argument, we note that there is a distinction between attorney fees that are collateral to the judgment and attorney fees that are part of the compensatory damages. *See Exec. Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 8, 125 N.M. 78, 957 P.2d 63. In this case, American Express claims that it is entitled to attorney fees based upon an open account and pursuant to the terms of the Business Charge Card Agreement. [RP Vol.IV/648]

{5} The district court must decide whether American Express is entitled to attorney fees and costs under either or both of these principles [RP Vol.IV/648, 658, 670], and if so, the amount of attorney fees and costs. Before making this decision, the district court must decide whether this case was tried as an open account. [RP Vol.IV/648,

658, 670] Similarly, the district court must decide whether Mittle is entitled to a jury trial on attorney fees. [RP Vol.IV/660-61, 671-72] Contrary to Mittle's assertions, entry of a final judgment in this case will require more than just a "ministerial act." [MIO 3]

**{6}** Given that further action by the district court is contemplated, the order granting summary judgment is not a final order. Accordingly, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we dismiss for lack of a final order.

**{7}** **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**M. MONICA ZAMORA, Judge**