This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**AGREPINA LUCERO , and RONALD O. LUCERO, and SARAH E. LUCERO,**

Plaintiffs-Appellants,

**v.**                                        **No. 33,558**

**MICHAEL H. TACHIAS and ROWENA E. TACHIAS, RESTIE SANDOVAL and ANNIE SANDOVAL; DANIEL LUCERO and YOLANDA LUCERO; SANDOVAL COUNTY BOARD OF COUNTY COMMISSIONERS; and ALL UNKNOWN PERSONS WHO MAY CLAIM A LIEN, INTEREST OR TITLE ADVERSE TO THE PLAINTIFFS,**

Defendants-Appellees,

**ERNESTO TACHIAS,**

Intervenor.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Crowley & Gribble, P.C.
Clayton E. Crowley
Albuquerque, NM

for Appellants

Lakins Law Firm, P.C.

Charles Norman Lakins
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Appellants Agrepina Lucero, Ronald Lucero, and Sarah Lucero (Plaintiffs) appeal from the district court's ruling that Plaintiffs did not prove their claim of adverse possession to the disputed land and are thus not entitled to quiet title in their favor. The district court entered its findings and conclusions on September 10, 2013 [RP Vol.II/390], to which Plaintiffs responded by filing their September 24, 2013, "motion to alter or amend judgment pursuant to Rule 1-059 NMRA" (motion). [RP Vol.II/427, 437, 472] The district court subsequently denied Plaintiffs' motion, and in its January 17, 2014, order doing so expressly stated "[t]his order shall constitute a final and appealable order." [RP Vol.II/480] Plaintiffs now appeal from the district court's denial of their motion. [RP Vol.II/480, 481]

{2}     While acknowledging the district court's language expressing finality in its order, our notice nonetheless proposed to dismiss, in pertinent part because matters remain below to be decided. As provided in our notice, while the district court's findings and conclusions set forth that Appellees (Defendants) and Ernesto Tachio (Intervenor) are entitled to damages [RP Vol.I/66, 68; II/412-14, 315], the district

2

court has yet to determine the amount of damages to which they are entitled. Because the matter of damages remains to be decided, we conclude that there is not a final order or judgment for purposes of appeal. *See generally Valley Improvement Ass'n v. Hartford Accident & Indem. Co.*, 1993-NMSC-061, ¶¶ 1, 8, 116 N.M. 426, 863 P.2d 1047 (holding that because the district court awarded damages, but failed to quantify them, the district court's judgment was not final); *B.L. Goldberg & Assocs., Inc. v. Uptown, Inc.*, 1985-NMSC-084, ¶ 3, 103 N.M. 277, 705 P.2d 683 (recognizing that an order or judgment is generally not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible); *Curbello v. Vaughn*, 1966-NMSC-179, ¶¶ 1-3, 76 N.M. 687, 417 P.2d 881 (stating that where the district court had entered findings and conclusions but had not entered an order or judgment carrying out the findings and conclusions, no final order had been entered in the case for purposes of appeal).

{3} Recognizing that "there are damages issues left to be tried and that those issues are not final" [MIO 2], Plaintiffs argue that this Court should nonetheless consider their appeal. As support for their argument, Plaintiffs provide that the trial below was bifurcated between equitable and legal issues [MIO 1], that the present appeal addresses the equitable issues relating to injunctive relief [MIO 2-3, 9], and that "the judicial policy of orderly proceedings favor[s] appellate review at this stage of the

3

proceedings" because "there will most likely be two damages trials instead of one." [MIO 2] While Plaintiffs urge us to consider the merits of their appeal despite the outstanding damages matter, we decline to do so because we disfavor piecemeal appeals. *See Executive Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶¶ 8, 11, 125 N.M. 78, 957 P.2d 63 (recognizing New Mexico's strong policy of disfavoring piecemeal appeals).

{4}      In recognition that the order from which they appeal lacks finality, Plaintiffs request this Court to treat their appeal as interlocutory, "at least with regard to those Findings and Conclusions which are interlocutory in nature." [MIO 5] Without commenting on whether the merits of this case would be appropriate for interlocutory review, we decline Plaintiffs' request for two preliminary reasons. First, even if we were to treat Plaintiffs' docketing statement as a non-conforming application for interlocutory appeal, it was not filed in this Court within fifteen days of the district court's January 17, 2014, order, as required by Rule 12-203(A) NMRA (mandating that an application for interlocutory appeal be filed within fifteen days after the entry of the order appealed from). And second, as required by NMSA 1978, Section 39-3-4(A) (1999) and Rule 12-203(B), the district court must certify the order for interlocutory review by stating that "the order or decision involves a controlling question of law as to which there is substantial ground for difference of opinion and

4

that an immediate appeal from the order or decision may materially advance the ultimate termination of the litigation." Section 39-3-4(A). The order from which Plaintiffs appeal, however, does not contain this required language, and we decline to exercise jurisdiction over an interlocutory appeal absent this required certification language. *See generally State v. Lobato*, 2006-NMCA-051, ¶ 38, 139 N.M. 431, 134 P.3d 122 (recognizing that incorporation of the mandated certification language is required to permit interlocutory review). In so declining, we reject Plaintiffs' argument that the holding in *Healthsource, Inc. v. X-Ray Assocs. of N.M., P.C.*, 2005-NMCA-097, 138 N.M. 70, 116 P.3d 861, supports their arguments for interlocutory relief. [MIO 9-10] *Healthsource* is instructive for its ruling that while Rule 1-054(B)(2) may provide finality to one party, it does not extend finality to a second party if issues remain pending against such party. *Healthsource, Inc.*, 2005-NMCA-097, ¶¶ 14-15. Any analogy between Rule 1-054 and the requisite certification language for interlocutory appeal, we believe, is misguided.

{5}    For the reasons provided in our notice and above, we dismiss for lack of a final order.

{6}    **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

5

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____

**TIMOTHY L. GARCIA, Judge**