This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DELINDA DEE SCENTERS,**

    Petitioner-Appellee,

v.                                                    NO. 34,671

**LOUIS BARTH,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah D. Walker, District Judge**

Paulette J. Hartman
Albuquerque, NM

for Appellee

Louis Barth
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}    Respondent, pro se, seeks to appeal from the district court's order resulting from February 23, 2014, hearing. We issued a notice of proposed summary disposition, proposing to dismiss for lack of a final, appealable order. Respondent has

filed a memorandum in support of reversal in response to our notice. We are not persuaded that the order from which Respondent seeks to appeal is final. Therefore, we dismiss.

{2}      This case comes to us after entry of a final divorce decree and in the course of the parties' liquidation of assets and final distribution of marital property. [RP 231-40, 262-64] This appeal relates to the valuation (or lack thereof) of the marital home and a commercial property. [RP 321-326, 350-51, 400-03] The order from which Respondent seeks to appeal is a minute or an interim order awaiting a signed quit claim deed and a presentment hearing, or simply a more formal order without the presentment hearing. [RP 402] Our notice proposed to dismiss on grounds that the district court's order from which Respondent seeks to appeal is not a formal order with decretal language and clearly contemplates further proceedings. [RP 402] We also noted that even a more formal order at this stage, however, would be an interlocutory ruling that approves the special master's report and rejects Respondent's objections to that report. [RP 321-326, 350-51, 400-03] We characterized this is as an interlocutory liquidation or distribution matter that awaits execution—the sale of marital property and distribution of those funds pursuant to the divorce decree. [RP 236] We explained that we found no authority whose application would consider the district court's rejection of Respondent's objections to special master's report to be

2

a final and appealable order. *See, e.g.*, *Muse v. Muse*, 2009-NMCA-003, ¶¶ 3-23, 145 N.M. 451, 200 P.3d 104 (recounting the numerous pleadings and proceedings that attended the execution of a divorce decree, including objections to a special master's report on the liquidation of assets, which resulted in one of the appeals that this Court dismissed); *cf. Speckner v. Riebold*, 1974-NMSC-029, ¶ 9, 86 N.M. 275, 523 P.2d 10 (observing that a foreclosure decree is final as to the rights and responsibilities of the parties to the mortgaged property and interlocutory as to the sale of the property, stating "[t]hat part of the decree of foreclosure that directs the manner and terms of the sale of the mortgaged property does not become a final judgment until the judicial confirmation of the sale, whereupon it becomes final"). Therefore, relying on the general rule that requires a case to be disposed of to the fullest extent possible to be considered final and immediately appealable, we proposed to dismiss. *See, e.g.*, *Executive Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 5, 125 N.M. 78, 957 P.2d 63 .

{3}     We also noted that to the extent Respondent was challenging the provision regarding the value of HTK contained in the stipulated division of property order, [RP 236] this was a collateral attack on the final decree of dissolution of marriage that should be raised by Rule 1-060(B) NMRA motion to the district court.

**{4}** Respondent does not respond with any argument indicating that the district court's order is final and appealable and we are not persuaded that it is. For the reasons set forth above, we hold that Respondent attempts to appeal from a non-final, interlocutory order for which interlocutory review has not been certified under NMSA 1978, § 39-3-4(A) (1999). Without a final, appealable order, we lack jurisdiction to consider Respondent's appeal and dismiss.

**{5}** **IT IS SO ORDERED.**

 

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief  Judge**

**JAMES J. WECHSLER, Judge**