2002-NMCA-041

43 P.3d 1083

**SAN JUAN 1990–A., L.P.; K & W Gas Partners, L.P., MAP 1992–A Partners and The Board of Trustees of Leland Stanford Junior University, a non-profit corporation, Plaintiffs–Appellants,**

v.

**EL PASO PRODUCTION COMPANY, Meridian Oil, Inc., Blackwood & Nichols Co., a Limited Partnership, Devon Energy Corporation, Amoco Production Company, and John Doe, Defendants–Appellees.**

**Nos. 22,130, 22,131, 22,132.**

Court of Appeals of New Mexico.

Feb. 19, 2002.

Certiorari Denied, No. 27,415, April 2, 2002.

Candace Callahan, Kim Hamann, Callahan & Hamann, P.C., Santa Fe, NM, G.R. Miller, McDaniel, Baty, Miller & Robbins, L.L.C., Durango, CO, Thomas D. Kitch, Gregory J. Stucky, David G. Seely, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for Appellants.

Michael B. Campbell, Michael H. Feldewert, Holland & Hart, L.L.P. and Campbell, Carr & Berge, P.A., Santa Fe, NM, for Appellees El Paso Production Co. and Meridian Oil, Inc.

Sarah M. Singleton, Carolyn A. Wolf, Montgomery & Andrews, P.A., Santa Fe, NM, for Appellees Blackwood & Nichols Co. and Devon Energy Corp.

John R. Cooney, Charles A. Armgardt, Timothy J. DeYoung, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, NM, for Appellee Amoco Production Co.

## OPINION

BUSTAMANTE, Judge.

{1} This matter comes before the Court on the motion of the Defendants–Appellees, El Paso Production Company, Meridian Oil, Inc., and John Doe, to dismiss this appeal because the notice of appeal was filed late.

We agree that the notice of appeal was filed late and hold that the reasons for the late filing do not support the exercise of this Court's limited discretion to consider the appeal. Accordingly, we grant the motion and dismiss the appeal.

{2} Plaintiffs–Appellants (Plaintiffs) are royalty owners of wells in the San Juan basin. They filed suit against El Paso Production Company, Meridian Oil, Inc., and John Doe, collectively referred to as El Paso/Meridian (Defendants), alleging that Defendants had improperly computed royalty payments to them by deducting expenses Defendants had incurred to produce and market conventional and coalseam gas since the late 1980s. There were originally six such cases filed in district court. The district court consolidated this case with two other cases for some purposes. However, the final judgment was filed in each of the three cases and the three cases were docketed in this Court as separate cases with separate docket numbers. Later, this Court consolidated the three cases.

{3} The district court entered a final judgment in favor of Defendants in all three cases on January 22, 2001. Thirty days from January 22 was February 21. Notices of appeal with various orders attached were filed in all three cases on February 22, 2001. On April 17, 2001, Defendants moved to dismiss the appeal because the notice of appeal was filed a day late. Ultimately, this Court remanded the matter to the district court with instructions that the district court hold a hearing and enter findings of fact concerning its entry of a January 29 order, and concerning the events surrounding the filing of the notices of appeal.

{4} The district court heard the matter on a stipulated evidentiary record, supplemented by arguments of the parties. Its findings of fact were filed on September 6, 2001. The parties have since filed timely supplemental memoranda.

### The Facts as Found by the District Court.

{5} The parties do not challenge the findings of fact made by the district court, and they therefore constitute the facts of this

case. *Stueber v. Pickard,* 112 N.M. 489, 491, 816 P.2d 1111, 1113 (1991). We summarize those facts.

### Facts Concerning the Filing of the January 29 Order.

{6} The January 29 order resolved a discovery dispute between Plaintiffs and Defendants El Paso/Meridian. The matter had been heard in July 1999. At the close of the hearing, the district court granted Plaintiffs' motion to compel and for sanctions, and directed Plaintiffs' counsel to submit an affidavit for fees. In the course of exchanging drafts of a proposed order, an issue developed concerning the scope of the fee award. Alternative versions of the order were presented to the court and a presentment hearing was requested. However, no presentment hearing was scheduled and the litigation proceeded.

{7} On January 22, 2001, the court held a hearing on the entry of the final judgment in the case. Just before the hearing, primary counsel for Plaintiffs and counsel for Defendants reached an agreement concerning the amount of costs and attorney fees to be awarded pursuant to the court's ruling in July 1999. Counsel informed the court on the record that agreement had been reached as to the form of the order. By letter dated January 24, 2001, Defendants' counsel submitted a proposed order to the court which had been approved by counsel for Plaintiffs and by counsel for Defendants. Counsel for Amoco, Blackwood & Nichols, and Devon Energy Corporation were not required to— and did not—approve the order. The order was signed by the court without modification and filed on January 29, 2001.

### Facts Concerning the Filing of the Notices of Appeal.

{8} The normal business hours of the district court clerk's office are 8:00 a.m. to 4:00 p.m., Monday through Friday. On February 21, 2001, the clerk's office was open during those hours. In addition to filing papers with the district court clerk's office, litigants may also file papers in open court with a district judge at any time. There were several judges present in the courthouse on February 21 that had the authority to accept filings in open court at any time.

{9} Effective February 19, 2001, the district court implemented a "multiple filing policy." The purpose of the multiple filing policy was to balance lawyers' tendencies to file multiple pleadings "at the last minute" with the personnel and budgetary restraints of the court clerk's office and with the need to docket pleadings on the same day they are filed, as directed by the judges of the district court. The district court adopted the 3:00 p.m. deadline for multiple filings because the clerk's office staff was incurring large amounts of overtime in order to see that all pleadings filed on a particular day were docketed into the computer system and filed in the physical file by the end of the same day.

{10} A week before the policy was put into effect, the clerk's office posted a notice concerning the new policy. The notice read as follows:

BEGINNING MONDAY, FEBRUARY 19, 2001

ALL RUNNERS, AGENCIES OR OTHERS WITH MULTIPLE FILINGS MUST BE AT THE CLERK'S WINDOW BEFORE 3:00 P.M.

This policy has been implemented to make possible the First Judicial District's Court mandate that all filings be docketed and filed in case files on the same day they are received.

### WE APPRECIATE YOUR COOPERATION

The notice was not published in the Bar Bulletin or the newspaper. Thus, the notice posted in the clerk's office was the only notice to the public about the new multiple filings policy. The trial court found that before the policy was implemented the court clerks were instructed that the policy did not apply if the filing was necessary to meet a deadline and the clerks so informed the public. During the first week that the policy was implemented, the clerks were very flexible in accepting filings.

**76**

{11} Plaintiffs in this case were represented by a number of attorneys. Their primary counsel was located in Wichita, Kansas. In addition, Plaintiffs had local counsel in Santa Fe, New Mexico. Local counsel used a courier service for filing papers in district court. On either Monday, February 19, or Tuesday, February 20, primary counsel called local counsel and instructed local counsel to file the notices of appeal on February 21. Primary counsel advised local counsel that notices of appeal would be sent to local counsel. However, in the course of events, primary counsel discovered that it did not have a date-stamped copy of one of the orders that it wanted to attach to the notices of appeal. Thus, local counsel was instructed to obtain a date-stamped copy of the order.

{12} On the morning of February 21, local counsel received the notice of appeal for this case, with all the appropriate orders attached except the order referred to above. At approximately 2:00 p.m., local counsel received by e-mail copies of the other two notices of appeal. Local counsel then called her courier service. The district court found that the content of the conversation could no longer be constructed. However, it determined that there was a misunderstanding between local counsel and the courier service. The district court found as fact that local counsel came away from the conversation believing that the clerk's office was closed on that day.

{13} The district court found that neither local counsel nor primary counsel made any attempt on February 21 to: (1) call the court clerk's office to confirm whether it was in fact closed, (2) go to the clerk's office to file the notices of appeal themselves, (3) contact a judge to file the notices in open court, (4) file the notices by fax, (5) call opposing counsel to seek agreement to extensions of time to file the notices of appeal, or (6) file motions with the district court pursuant to Rule 12–201(E)(1) NMRA 2002 seeking an extension of time for filing the notices of appeal. No one at the district court clerk's office refused to file the notices of appeal on February 21. On February 22, local counsel obtained a date-stamped copy of the order she needed from counsel for Defendants. The three notices of appeal were filed with the district court clerk's office during the afternoon of February 22, 2001.

## A. The Final Order for Purposes of Appeal was the January 22 Final Judgment.

■ {14} At the outset, Defendants point out that the January 29 order was directed only to Defendants El Paso and Meridian. Thus, Defendants contend that even if the January 22 judgment was not final as to El Paso and Meridian until the January 29 order was entered, the January 22 judgment was still final as to the other defendants, Amoco, Blackwood & Nichols and Devon. We agree. Rule 1–054(B)(2) NMRA 2002 recognizes that a judgment can be final as to some but not all parties. Thus, we consider this argument as bearing only on the timeliness of the filing of the notice of appeal concerning Defendants El Paso and Meridian.

{15} Plaintiffs contend that the thirty days in which to file the notice of appeal did not begin to run until January 29, 2001. In support of this, they make two arguments. Initially, Plaintiffs rely on the general principle that " 'an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible.' " *Principal Mut. Life Ins. Co. v. Straus*, 116 N.M. 412, 413, 863 P.2d 447, 448 (1993) (quoting *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992)); *see also In re Estate of Harrington*, 2000–NMCA–058, ¶¶ 24–32, 129 N.M. 266, 5 P.3d 1070; *Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 3, 635 P.2d 1323, 1325 (Ct.App.1981).

{16} We recognize there was a time that this construction of the general principle held sway in New Mexico. However, in *Kelly Inn No. 102*, our Supreme Court held that an order disposing of the merits and awarding the prevailing party attorney fees was final even though the amount of the fees had not yet been fixed. In so holding, *Kelly Inn No. 102* overruled previous cases that had held that a judgment was not final until the amount of the attorney fees had been determined. *Kelly Inn No. 102* specifically

adopted guidelines to be considered in determining whether a judgment is final for purposes of appeal.

Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein.

*Kelly Inn No. 102*, 113 N.M. at 238, 824 P.2d at 1040. In this case, the January 29 order resolving discovery issues did not "alter the judgment or moot or revise decisions embodied therein." Thus, the fact that the discovery issue had not been resolved does not prevent the judgment from being final.

{17} The other cases relied on by Plaintiffs are not to the contrary. In *Principal Mut. Life Ins. Co.*, 116 N.M. at 415, 863 P.2d at 450, our Supreme Court held that an order granting summary judgment on liability was not a final order from which an appeal could be taken because the amount of the damages had not been determined. In *In re Estate of Harrington*, 2000–NMCA–058, ¶ 28, 129 N.M. 266, 5 P.3d 1070, this Court held that the order determining that the parties were deadlocked and appointing a receiver to liquidate the business was a final, appealable order. In short, the cases relied on by Plaintiffs teach us that it is the practical effect of the orders in question, not the date on which they are filed, that determines whether an order is final for purposes of appeal.

{18} In a similar vein, Plaintiffs characterize the January 29 order as one resolving attorney fees and rely on cases concerning post-judgment orders on attorney fees. *See Executive Sports Club, Inc. v. First Plaza Trust*, 1998–NMSC–008, ¶ 8, 125 N.M. 78, 957 P.2d 63; *Principal Mut. Life Ins. Co.; Valley Improvement Ass'n v. Hartford Accident & Indem. Co.*, 116 N.M. 426, 429, 863 P.2d 1047, 1050 (1993); *Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 851 P.2d 1064 (1993).

{19} The most recent case on this issue is *Executive Sports Club, Inc.* In that case, the trial court filed an order dismissing the action with prejudice on June 30. On July 15, the defendant, who was the prevailing party, filed a motion for costs and for attorney fees. The entitlement to attorney fees was based on the lease agreement between plaintiff and defendant. The order resolving the motion, which granted costs but denied attorney fees, was filed on August 14. Plaintiffs then filed their notice of appeal on August 26. The Supreme Court held that the notice of appeal was timely filed. In its opinion, the Court made a distinction between attorney fees that are awarded for the services of the attorney in the action under appeal, which it referred to as "*Kelly Inn*-type" fees, and attorney fees that are part of the compensatory damages, as in *Principal Mut. Life Ins. Co.* and *Valley Improvement Ass'n. Executive Sports Club, Inc.*, 1998–NMSC–008, ¶ 8, 125 N.M. 78, 957 P.2d 63. The fees sought in *Executive Sports Club, Inc.* were "*Kelly Inn*-type" fees, meaning fees for the services of counsel during the litigation. The Court recognized that there were marginal cases, like *Trujillo*, in which the decision of when to file the notice of appeal "'should be one of practical choice and not one of procedural danger.'" *Executive Sports Club, Inc.*, 1998–NMSC–008, ¶ 12, 125 N.M. 78, 957 P.2d 63 (quoting *Trujillo*, 115 N.M. at 398, 851 P.2d at 1065). In addition, the Court drew a distinction between cases in which the award of attorney fees was a "ministerial" act and cases in which determining the entitlement to fees involves "substantive evaluation of legal and factual issues involved in the case." *Executive Sports Club, Inc.*, 1998–NMSC–008, ¶ 13, 125 N.M. 78, 957 P.2d 63. Since the determination whether to award fees in *Executive Sports Club, Inc.* may have involved substantive determinations, the court held that the appellants could have filed a timely notice of appeal from either the judgment or the order resolving the fee issue.

{20} Similarly, *Trujillo* was a workers' compensation case in which plaintiff filed a post-compensation-order motion for attorney fees. The notice of appeal was filed within thirty days after the order resolving attorney fees, but not within thirty days of the compensation order. In *Trujillo*, the Supreme Court stated that "[i]ssues 'collateral to' and

'separate from' the decision on the merits fall within a twilight zone of similarity to proceedings that carry out or give effect to the judgment." *Id.* at 398, 851 P.2d at 1065.

{21} We are not persuaded by Plaintiffs' arguments relying on this line of cases. The January 29 order was not an order resolving the issue of attorney fees for the entire action. It was an order that resolved a motion to compel and awarded fees as a sanction for a discovery violation. Moreover, counsel had stipulated to the substance of the order, including the amount of the attorney fees. Thus, its entry was a ministerial act rather than a substantive determination by the district court. In *Gonzales v. Surgidev Corp.,* 120 N.M. 151, 156, 899 P.2d 594, 599 (1995), our Supreme Court indicated that discovery sanctions "clearly are collateral to or separate from the decision on the merits and fall outside the construct of 'finality.'" In short, we hold that the January 22 judgment was a final judgment for purposes of appeal, despite the fact that the discovery matter had not been resolved by a formal order at the time judgment was entered. Thus, the Plaintiffs had thirty days from the date of the January 22 judgment in which to file the notices of appeal.

**B. The Facts Concerning the Filing of the Notice of Appeal Do Not Excuse Plaintiffs' Failure to Timely File the Notices of Appeal.**

{22} Plaintiffs argue that: (1) they intended to file their notices of appeal on February 21 but were prevented from doing so; and (2) the district court clerk's office was not fully accessible on February 21 and, therefore, under the appellate rules, Plaintiffs had until the close of business the next day to file the notices of appeal.

{23} We recognize that the timely filing of a notice of appeal is a mandatory precondition to jurisdiction. Late filing of a notice of appeal is excused in cases of court-caused error or unusual circumstances beyond the control of the parties. *See Chavez v. U–Haul Co.,* 1997–NMSC–051, ¶ 26, 124 N.M. 165, 947 P.2d 122; *Trujillo v. Serrano,* 117 N.M. 273, 277, 871 P.2d 369, 373 (1994); *Hyden v. N.M. Human Servs. Dep't,* 2000–NMCA–002, ¶ 15, 128 N.M. 423, 993 P.2d 740.

{24} We do not think the circumstances of this case present the kind of unusual circumstances that were present in those cases. In *Serrano,* the notice of appeal was filed late because the magistrate judge had told the parties that he would call them back into court when he was ready to announce his decision. He did not do that and by the time the appellant found out that a decision had been filed, the time for filing an appeal had run. In *Chavez,* Mr. Chavez was between lawyers on the 30th day and faxed his notice of appeal to the clerk's office 58 minutes after the office had closed. In *Hyden,* the Supreme Court adopted a rule nunc pro tunc that changed the time for filing the notice of appeal. At the time the notice of appeal should have been filed, the rule was only available in the back of one issue of the bar bulletin and one other place. By contrast, in this case, counsel for the appellants did not rely on anything she was told by the court. Rather she relied on confusing or misleading information provided to her by the courier service. We decline the invitation to extend the cases concerning court-caused error to situations in which counsel received information from someone other than the court or the clerk's office of the court.

{25} Moreover, in the circumstances of this case, we are not persuaded that the clerk's office was not accessible on the day the notices of appeal should have been filed. Plaintiffs rely on Rule 12–308(A) NMRA 2002 concerning computation of time. That rule provides, in pertinent part, that a party who must file a paper in court on a "day on which weather *or other conditions have made the office of the clerk inaccessible* " has until the end of the next day in which to file the paper. *Id.* (emphasis added). Plaintiffs contend that the "multiple filings" policy made the office of the clerk "inaccessible" within the meaning of the rule after 3:00 p.m. on February 21.

{26} Under the circumstances of this case, we cannot agree. The problem in this case was not that the clerk's office was inaccessible; it was that counsel thought it was closed

and did not investigate to determine if that was the case. However, the clerk's office was open during normal business hours and the clerks were being flexible about the multiple filing policy. In addition, as the district court pointed out, counsel could have filed the notices of appeal by going to the courthouse and asking a judge to file them in open court or by filing them by fax.

{27} We emphasize that this was not a situation in which the clerk's office either gave counsel incorrect information or refused to file the notices of appeal during normal business hours based on the multiple filing policy. Under such circumstances, we might well have found that the clerk's office was inaccessible within the meaning of the rule or that the failure to file the notices of appeal was a court-caused error. *See Ennis v. Kmart Corp.*, 2001–NMCA–068, ¶¶ 2–12, 131 N.M. 32, 33 P.3d 32 (holding that a complaint was filed within the statute of limitations even though the court clerk's office had refused to file it on that day because it was not in the proper form). However, in this case counsel received information from a third party that led her to believe that the clerk's office was closed. Counsel did not check the information with the clerk or use any of the alternative methods available for filing the notices of appeal. This is not a court-caused error or a circumstance beyond counsel's control.

{28} Finally, Plaintiffs argue that the federal courts would excuse the late filing under the "unique circumstances" doctrine. We recognize that federal opinions are sometimes persuasive concerning the interpretation of the rules of civil procedure. *Eskew v. Nat'l Farmers Union Ins. Co.*, 2000–NMCA–093, ¶ 6, 129 N.M. 667, 11 P.3d 1229 (" 'Cases decided under the federal rule . . . are often persuasive to this Court if they are not in conflict with controlling New Mexico authority and are based on sound logic and policies consistent with the law of this state,' ") (quoting *Gallegos v. Southwest Cmty. Health Servs.*, 117 N.M. 481, 489, 872 P.2d 899, 907 (Ct.App.1994)). However, we normally consider federal opinions only if there is no New Mexico law on the issue. *Id.* In this case, there are several New Mexico opinions that deal with this issue. None of those opinions cite to or discuss federal cases. Accordingly, we will not consider the federal cases cited by Plaintiffs.

{29} In summary, we hold that the January 22 judgment was a final order for purposes of appeal, even though a later order was filed that resolved an outstanding dispute about a discovery matter. We further hold that the circumstances surrounding the late filing of the notices of appeal do not establish the kind of court-caused error or circumstances beyond the control of counsel that would excuse a late filing. Therefore, we **DISMISS** the appeals.

{30} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and CELIA FOY CASTILLO, Judges.