This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ERNEST J. GUTIERREZ,**

   **Plaintiff-Appellant,**

**vs.**               **No. 29,370**

**CHILDREN, YOUTH AND FAMILIES DEPARTMENT, REGINA MESCALL, and DR. RENEE ORNALES [SIC],**

   **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Timothy V. Flynn-OBrien
Albuquerque, NM

for Appellee Children, Youth & Families Department

Walz & Associates
Jerry Waltz
Cedar Crest, NM

for Appellee Ornelas

Ernest Gutierrez
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Plaintiff appeals two orders granting Defendants' motions to dismiss. [RP 83-84] Our notice proposed to dismiss for failure to file a timely notice of appeal. Defendant has responded with a memorandum in opposition. We have considered the arguments in the memorandum, but are not persuaded by them. Accordingly, we dismiss this appeal.

## DISCUSSION

Plaintiff, pro se, filed suit against the Children, Youth & Families Department (CYFD) and Dr. Renee Ornelas. From Plaintiff's complaint and docketing statement, our notice assumed that Plaintiff was criminally charged with sexual crimes against his children, and that CYFD successfully pursued termination of his parental rights. We assumed that he is suing CYFD for wrongfully taking his children away from him, and Dr. Ornelas, who presumably testified that the children had been sexually abused. Plaintiff's memorandum has not challenged these assumptions.

The court entered two orders granting Defendants' motions to dismiss. [RP 83-84] The order granting CYFD's motion was filed December 8, 2008, and the order granting Dr. Ornelas' motion was entered January 8, 2009. [RP 83-84] We hold that Plaintiff's notice of appeal was not filed within thirty days of the orders being appealed, as required by Rule 12-201(A)(2) NMRA, and that dismissal is therefore required.

Rule 12-201(A)(2) requires that the notice of appeal be filed within thirty days after the order being appealed has been entered. Failure to timely file the notice of appeal results in dismissal. *See San Juan 1990-A. v. El Paso Prod. Co.,* 2002-NMCA-041, ¶¶ 23-29, 132 N.M. 73, 43 P.3d 1083.

Plaintiff is an inmate at the Bernalillo County Jail and filed his notice of appeal by mail. Plaintiff wrote on his envelope and certificate of service that he mailed the notice of appeal on February 5, 2009. [RP 86-87] A clerk's memo in the record indicates that it was *received* by the district court on February 10. [RP 88] The memo appears to be a note from a filing clerk, to the clerk's supervisor, asking whether it was okay to file Plaintiff's pleading. It contains a notation, "sure," with what we assume to be the supervisor's initials. The notice of appeal was not filed until February 17. [RP 86]

The evidence available to us is that the notice of appeal was received by the district court on February 10. We realize it was not technically filed until the February 17, but on these facts we will accept February 10 as the filing date, because it does not appear to be Plaintiff's fault that a clerk did not file it when received on February 10. However, even construing the situation in the light most favorable to Plaintiff and using February 10 as the date of filing, his notice of appeal from the December 8 order is well over thirty days late. His notice of appeal from the January 8 order had to be filed on Monday, February 9. There is no evidence that it was received or filed on that day, so it was not timely filed, either.

In his memorandum, Plaintiff asks us to consider the date of the postmark as the date of filing. [MIO 2] We are aware of no authority for the proposition that a notice of appeal can be considered as filed when it is mailed. We recognize that Plaintiff is a pro se prisoner, but that does not excuse the late filing. *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel).

We have recognized exceptions to the thirty-day rule, but they are narrow. We only exercise discretion to hear an untimely appeal if a court has somehow

4

misled the parties or if deviation from mandatory requirements is truly minimal. *See Chavez v. U-Haul Co. of N.M., Inc.*, 1997-NMSC-051, ¶ ¶ 19-22, 124 N.M. 165, 947 P.2d 122 (hearing an appeal where notice was filed 58 minutes late). Only the most unusual circumstances beyond the control of the parties, such as error on the part of the court, will warrant overlooking procedural defects. *See Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994).

Attempting to fit his case within *Trujillo,* Plaintiff argues that the jail's incompetence in dealing with mail is to blame, that he was under a great deal of pressure, and that his legal documents were misplaced. [MIO 2] We do not find these arguments persuasive. Plaintiff states he was arrested and jailed on January 29, 2009. [MIO 2] Consequently, he was not in jail in the weeks prior to January 29, so the alleged problems with the jail mail system would not explain Plaintiff's failure to timely file a notice of appeal from the December 8 order. As to the January 8 order, Plaintiff was not incarcerated for the majority of time in which the notice of appeal was due. Therefore, we are not persuaded by his argument that the jail is to blame. Moreover, Plaintiff's arguments are based on matters not of record and we cannot consider them. *State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review."). Finally, we are provided with no evidence that the late filing was

caused by court error, and we do not consider being one day late as minimal. *See Wilson v. Mass. Mut. Life Ins. Co.,* 2004-NMCA-051, ¶ ¶ 7-12, 135 N.M. 506, 90 P.3d 525 (holding that where the notice of appeal was filed one day late the appeal would be dismissed).

Accordingly, we dismiss this appeal.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**RODERICK T. KENNEDY, Judge**