This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NATALIE SELLNER,**

Plaintiff-Appellee,

v.                                              **NO. 29,862**

**MICHAEL R. SOUTAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Mackie Huling, District Judge**

Michael R. Soutar
Hobbs, NM

Pro Se Appellant

Corbin Hildebrandt, P.C.
Corbin Hildebrandt
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant, pro se, appeals a district court order denying his motion to set aside a default judgment. We issued a calendar notice proposing to dismiss the appeal as Defendant's notice of appeal was not filed within thirty days of the order being

appealed, as required by Rule 12-201(A)(2) NMRA. Defendant has timely filed a memorandum in opposition to our proposed disposition. We remain unpersuaded by Defendant's arguments and dismiss the appeal.

Rule 12-201(A)(2) requires the notice of appeal be filed within thirty days after the order being appealed has been entered. *See* Rule 12-202(A) NMRA (providing that a notice of appeal shall be filed with the district court clerk). Failure to timely file the notice of appeal results in dismissal. *See San Juan 1990-A., L.P. v. El Paso Prod. Co.*, 2002-NMCA-041, ¶¶ 23-29, 132 N.M. 73, 43 P.3d 1083.

The order denying Defendant's motion to set aside default judgment was filed on July 10, 2009. [RP 403] His notice of appeal was therefore required to be filed by August 10, 2009, pursuant to Rule 12-201(A)(2). Defendant filed a notice of appeal in our Court on August 6, 2009; however, he did not file his notice of appeal in district court as required by Rule 12-202(A) until August 19, 2009. [RP 406] Defendant's notice of appeal was therefore filed nine days late.

The timely filing of a notice of appeal is a mandatory precondition to jurisdiction. *San Juan 1990-A., L.P.*, 2002-NMCA-041, ¶ 23. While we have recognized some exceptions to the thirty-day rule, they are narrow. Late filing of a notice of appeal is excused in cases of court-caused error or unusual circumstances beyond the control of the parties or where deviation from the mandatory requirements is truly minimal. *Id.*; *see Chavez v. U-Haul Co. of N.M., Inc.*, 1997-NMSC-051, ¶¶ 19-22, 124 N.M. 165, 947 P.2d 122 (hearing an appeal where notice was filed 58 minutes late). Only the most unusual circumstances beyond the control of the parties,

such as error on the part of the court, will warrant overlooking procedural defects. *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994).

While we recognize Defendant is pro se, we reiterate that "[a]lthough pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (citation omitted); *see Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel). Here, Defendant alleges the district court might have refused his filing, [MIO 3] but there is no evidence that was the case or that the late filing was caused by any court error. We are also not inclined to consider being nine days late as minimal. *See Wilson v. Mass. Mut. Life Ins. Co.*, 2004-NMCA-051, ¶¶ 7-12, 135 N.M. 506, 90 P.3d 525 (holding that where the notice of appeal was filed one day late the appeal would be dismissed). Finally, as to Defendant's assertion that his filing might have been lost in the mail, [MIO 3] we are of the opinion that, even if we assume this to be true, Defendant could have taken into account his incarcerated status by mailing his notice of appeal earlier or making alternative arrangements for filing. We decline to hold that individuals using the U.S. mail are exempt from the thirty-day time limit for filing a notice of appeal.

Accordingly, we dismiss the appeal.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**


_____
**JAMES B. WECHSLER, Judge**


_____
**CELIA FOY CASTILLO, Judge**