This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CARL LIMBERG,**

Plaintiff-Appellant,

v.                                                                                  **No. 30,515**

**WILLIAM J. EVERHART, PATRICIA EVERHART, and THE HARTFORD FINANCIAL SERVICES GROUP, INC., d/b/a THE HARTFORD,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Sherman & Sherman
Frederick H. Sherman
Deming, NM

for Appellant

Law Offices of Eva K. Rappaport
Eva K. Rappaport
Albuquerque, NM

Riley & Shane, P.A.
Mark J. Riley
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiff attempts to appeal from the district court's order instructing him to sign a release as part of a settlement. We issued a notice of proposed summary disposition, proposing to dismiss for lack of a final, appealable order. Defendants filed a memorandum in support of summary dismissal, and Plaintiff filed an objection to our notice. We have given due consideration to the parties' responses. We remain persuaded that Plaintiff attempts to appeal from a non-final order. Therefore, we dismiss.

Our notice observed that this Court's jurisdiction lies from final, appealable orders. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 238, 824 P.2d 1033, 1040 (1992); *see also Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 4, 635 P.2d 1323, 1326 (Ct. App. 1981) (observing that an appellate court will raise jurisdictional questions on its own motion), *overruled on other grounds as recognized by San Juan 1990-A., L.P. v. El Paso Prod. Co.*, 2002-NMCA-041, 132 N.M. 73, 43 P.3d 1083. An order is final if all issues of law and fact necessary to be determined have been

determined and the case is disposed of by the district court to the fullest extent possible. *See Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038.

In the current case, Plaintiff has attempted to appeal from the district court's order instructing Plaintiff to sign a release as part of the parties' $30,000 settlement. [RP 192-93] Our notice stated that this order clearly contemplates further action in the case, and Plaintiff has not explained how the order could be construed as final. There is no indication that the parties have completed the settlement and that the complaint was dismissed. We proposed to hold that without these resolute, final actions that fully dispose of the lawsuit, our jurisdiction is not properly exercised here. *See id.*

In response to our notice, Plaintiff argues that the order should be treated as final because the issues on appeal relate to that order, the district court's order does not reserve any decision, and the district court's order states that it is final. [MIO 1-3] This Court will decide on its own motion whether its jurisdiction is properly exercised to review an order that may or may not be final. *See Montoya*, 97 N.M. at 4, 635 P.2d at 1326. Our inquiry into the finality of an order does not focus on the issues raised on appeal; it examines whether the proceedings below have been disposed of to the fullest extent possible. *See Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038. This case began with a complaint for property and personal injury damages, and statutory and

common law remedies.  [RP 1-3]  The parties reached a settlement agreement, then disagreed as to the form and disputed indemnity provisions in a release.  [RP 90-171]  The district court entered an order instructing Plaintiff to sign the release.  [RP 192]  There is nothing in the record indicating that the parties have signed the settlement and release, and there is no district court order dismissing the complaint.  Again, this case remains open and pending and further action is contemplated.

Plaintiff does not believe that he should have to sign the release and obtain a dismissal before taking an appeal, analogizing our proposed disposition to requiring a defendant to be executed in a death penalty case before an appeal could be taken. [MIO 2]  We are not persuaded.  Death is irreversible on appeal and a district court's order instructing a party to sign an agreement is not.  Also, Plaintiff could have sought an interlocutory appeal or a writ of prohibition from the Supreme Court to obtain an immediate appeal.  In the absence of these kinds of procedural mechanisms, however, Plaintiff seeks a direct appeal of a non-final order.

We remind Plaintiff that he may take an appeal from the rulings from which he now seeks to appeal after the case is completely resolved below.  We again caution Plaintiff that if he wishes to pursue an appeal after entry of a final, appealable order, he should file a docketing statement that more closely conforms to the requirements of the Rules of Appellate Procedure, namely Rule 12-208(D)(3), (4) NMRA.

4

For the reasons stated in our notice and in this opinion, we dismiss the appeal.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**RODERICK T. KENNEDY, Judge**