This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MICHAEL RIVAS,**

Petitioner-Appellant,

**vs.**                                                    **No. 34,645**

**DENISHA ROMERO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Elizabeth Stacy Vencill
Albuquerque, NM

for Appellant

William R. Brummett
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**      Petitioner, Michael Rivas, appeals from the district court's memorandum order

affirming and adopting the family court hearing officer's report as an order of the district court, filed on March 3, 2015. This Court issued a calendar notice proposing to dismiss Petitioner's appeal as premature. Petitioner has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we dismiss.

{2}     Petitioner filed a notice of appeal in this domestic relations/child support case on April 2, 2015. [RP 186] In his docketing statement, he raised 18 issues that essentially boil down to one claim of error: that the hearing officer should not have taken into account Respondent's child care expenses in determining the amount of child support owed. As we noted, however, in our calendar notice, Petitioner filed in the district court a "verified second motion to reconsider inclusion on the child support worksheet of day care expense in violation of NMSA [Section] 40-4-9.1(H) [(1977)] and applicable law" on March 25, 2015 [RP 168], prior to the filing of his notice of appeal. [CN 2] From our review of the record, it does not appear that the district court ruled on Petitioner's motion to reconsider. [CN 3]

{3}     In our notice of proposed disposition, we noted that this Court's jurisdiction lies from final, appealable orders. *See Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033, *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, ¶ 5, 115 N.M. 397, 851 P.2d 1064; *see also*

*Montoya v. Anaconda Mining Co.*, 1981-NMCA-113, ¶ 20, 97 N.M. 1, 635 P.2d 1323 (observing that an appellate court will raise jurisdictional questions on its own motion), *overruled on other grounds as recognized by San Juan 1990-A., L.P. v. El Paso Prod. Co.*, 2002-NMCA-041, 132 N.M. 73, 43 P.3d 1083. Petitioner devotes much of his memorandum in opposition to establishing that the district court's March 3, 2015, memorandum order was indeed a final, appealable order. [MIO 2-3] On this point, we agree with Petitioner.

**{4}** However, as we observed in our calendar notice, Petitioner's March 25, 2015, motion for reconsideration—filed within thirty days of the district court's memorandum order—is best viewed as a motion filed pursuant to NMSA 1978, Section 39-1-1 (1917). [CN 3] According to *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865, if a party makes a motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion. Further, under Rule 12-201(D) NMRA, the notice of appeal will not become effective, thus transferring jurisdiction from the district court to this Court, until an express ruling is made on the petitioner's post-judgment motion. *See* Rule 12-201(D)(1), (4). Consequently, because the district court has not expressly ruled on Petitioner's motion for reconsideration, we suggested in our calendar notice that the appeal is premature

and must be dismissed for lack of a final order. [CN 3-4] *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 (stating that whether an order is final is a jurisdictional question that this Court is required to raise on its own motion); *see also State v. Romero*, 2014-NMCA-063, ¶¶ 15-17, 327 P.3d 525 (stating that if this Court does not have jurisdiction, the proper remedy is dismissal).

{5}     In his memorandum in opposition, Petitioner seeks to place this case outside the strictures of *Grygorwicz* and Rule 12-201(D) by arguing that neither contemplates the effect of a second motion to reconsider on the finality of the underlying judgment. [MIO 5] Specifically, Petitioner's position is that the March 25, 2015, motion to reconsider was in actuality a second motion to reconsider. [MIO 3] He argues that this second motion to reconsider did not extend the time for appeal. [MIO 5] In support of this contention, Petitioner cites to the Committee Commentary to Rule 1-059 NMRA, which essentially states that following the denial of a motion to reconsider, a subsequent reconsideration of the denial "is not available and the time for appeal cannot be extended by filing a motion to reconsider." [MIO 5] We are not convinced, however, that this provision is applicable in this case.

{6}     Petitioner's argument depends wholly on his characterization of the "verified objection to hearing officer report" filed on February 17, 2015 [RP 148], as a first motion to reconsider. [MIO 3] That filing contained a list of objections to the hearing

4

officer's report entered on January 28, 2015, alleging that the hearing officer's child support recommendation was "biased, lack[ed] support in the record, and should not be accepted as an order" of the district court [RP 148-53]. Thus, it is clear that Petitioner's objections were not to a final judgment of the district court, but rather to the hearing officer's report. *See* NMSA 1978, § 40-4B-8(B) (1993) (stating that "[w]ithin ten days after being served with notice of the filing of the [hearing officer's] report, any party may file written objections with the district court"). Notably, Petitioner does not address Section 40-4B-8(B) in his memorandum in opposition, nor has he provided this Court with any authority to support his contention that objections offered under that particular section are to be considered the same as a motion to reconsider. Therefore, we are not convinced that the March 25, 2015, motion was a second motion to reconsider, despite its title. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{7}     As noted above, it does not appear that the district court has ruled on Petitioner's motion. Therefore, we hold that because Petitioner "filed a post-judgment motion that attacked the district court order . . . that could alter, amend, or moot the order entered by the district court[,]" the filing of the motion rendered the order non-final. *Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222

5

P.3d 675. Consequently, we conclude that the appeal is premature and must be dismissed for lack of a final order.

{8}     For these reasons, and those in our calendar notice, we dismiss.

{9}     **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**

6